UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GERALD THOMAS EYLE, SR.,<br><br>    Defendant. | NO. CR-06-2184-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS** |

A pretrial conference was held on November 8, 2007, in Yakima, Washington. Defendant was present and represented by Ben Hernandez. The Government was represented by Assistant United States Attorney Jane Kirk. Before the Court were a number of pretrial motions.

In his motions *in limine*, Defendant asked the Court to exclude certain expert testimony based on Fed. R. Evid. 702. The Court deferred ruling on these *Daubert* motions and ordered the Government to produce prior to trial its expert witnesses' opinions, the basis for the opinions, and any foundation materials the witnesses will rely upon when testifying at trial. The Court also deferred ruling on any evidentiary issues that will need to be resolved at trial. For purposes of managing the Court's docket, the Court will deny the motions *in limine*. Denial of the motions *in limine* does not indicate that the challenged evidence will be admitted at trial. Instead, the denial of the motions means the Court cannot or should not determine whether the evidence in question should be excluded before trial.

At the hearing, the Government argued that an evidentiary hearing was not

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 1**

necessary with regard to Defendant's Motion to Suppress Statements. Because Defendant was contesting issues of fact, the Court heard testimony from the two law enforcement officers involved in the interrogation of Defendant: Yakama Nation Tribal Detective Brian Frederickson and FBI Special Agent David Hendrix. For the following reasons, the Court denies Defendant's Motion to Suppress.

In his motion, Defendant argues that his statements were obtained in violation of his invocation of the right to remain silent and to have an attorney present and that his statements were not voluntarily made.

At the hearing, both officers testified that after Defendant invoked his right to counsel, all questioning regarding the shooting ceased. Special Agent Hendrix continued conversing with Defendant, however. He explained to him about how Defendant might be transferred to federal custody. During this exchange, Defendant made the following two statements: "But I'm guilty of this," and "He was beating me up, but it doesn't mean that I had to do this. I was drunk, I . . ."

Defendant does not argue that the officers continued to question him about the events after he invoked his right to counsel. Rather, he argues that the continued conversation in which Special Agent Hendrix explained what would be happening caused Defendant's statement to be involuntary. At the hearing, Defendant's counsel implied that Defendant could have been coerced into making the statement, based on the physical size of Detective Frederickson and Special Agent Hendrix.

In determining whether Defendant's statements were involuntary, the Court considers the totality of the circumstances and asks whether the Government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne. *Haynes v. Washington*, 373 U.S. 503, 513-14 (1963). A statement is involuntary if it is "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *United States v.*

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 2**

*Coutchavlis*, 260 F.3d 1149, 1158 (9th Cir. 2001) (citations omitted).

Here, there is nothing in the record to indicate that Defendant's will was overborne. Nor is there anything in the record to substantiate the claim that the physical size of the officers made Defendant's statements involuntary. Special Agent Hendrix's explanation of the upcoming process did not exert any improper influence as to make Defendant's statements involuntary. Thus, the Court finds that Defendant voluntarily made the statements after he invoked his right to counsel.

This does not end the inquiry, however, because the Court must determine whether the statements are relevant to the proceedings. In doing so, the Court must conclude that the statements have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, even if the Court were to conclude that the statements were relevant, the Court must determine whether the probative value of the statements are substantially outweighed by the danger of unfair prejudice, confusion of the issues, or are misleading to the jury. Fed. R. Evid. 403.

In reviewing Defendant's statements, the Court is concerned about the statement "But I'm guilty of this." The use of the word "guilty" by a defendant has vast ramifications, especially in the context of a jury trial. Indeed, the verdict form is going to ask the jury whether Defendant is "guilty" of second degree murder. Yet, when uttered by Defendant, he was not aware that his son had died, nor was he aware of the nature and scope of the charges that he was potentially facing.[1] Defendant's use of the word "guilty" was not anchored to any criminal

---

[1] Special Agent Hendrix testified that Defendant asked him how his son was and he purposely refrained from telling him that he had died. He also testified that he did not discuss with Defendant the nature and scope of the federal charges that

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 3**

charge or legal element of a particular crime.  At the time he uttered the statement, the only thing he was aware of was that he was being held on tribal charges.  There were a plethora of charges that could have been applicable to his conduct and which could have been charged under tribal, state, or federal law.

      A lay person's concept of guilt is very different from the concept of guilt that the jury will be instructed on and asked to ultimately find.  Defendant's use of the word "guilty" could lead the jury to place more emphasis on his statement than justified.

      Defendant's statement that he was "guilty" is merely a conclusion as opposed to a statement of fact.  As such, the probative value of the statement is greatly diminished.  In contrast, his second statement, namely "He was beating me up, but it doesn't mean that I had to do this.  I was drunk, I . . ." is a factual statement that is probative.

      The Court finds the probative value of Defendant's statement "But I am guilty of this" to be substantially outweighed by the danger of unfair prejudice and that the statement would be confusing and misleading to the jury.  As such, the statement will not be admitted at trial.  On the other hand, the Court finds the probative value of Defendant's statement that "He was beating me up, but it doesn't mean that I had to do this.  I was drunk, I . . ." outweighs any prejudicial effect of the statement.  Admission of this statement will accomplish roughly the same purpose, but without the unduly prejudicial use of the word "guilty."

      Defendant also moves to have Count 2 of the Superseding Indictment dismissed for failure to plead each essential element of the crime of Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Defendant argues that the essential elements of 18 U.S.C. § 924(c)(1)(A) are that a

---

Defendant was potentially facing.  Defendant was told that he was being held on tribal charges.

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 4**

person *uses, carries,* or *possesses* a firearm during and in relation to, or in furtherance of, a crime of violence or a drug trafficking offense. (Emphasis added). Defendant asserts that because the Superseding Indictment alleges that Defendant *discharged* a firearm, and fails to reference that Defendant *used, carried, or possessed* a firearm, the Indictment is deficient and the count must be dismissed. Defendant also argues that the Indictment is deficient because it fails to include any reference to what crime of violence Defendant committed while discharging the firearm.

The Court finds that the Superseding Indictment sufficiently alleges all the necessary elements to apprise Defendant of the charge against him. *See United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Suppress Statements (Ct. Rec. 90) is **DENIED**.

2. Defendant's Motion to Dismiss Count Two of the Superseding Indictment (Ct. Rec. 87) is **DENIED**.

3. On or before **November 13, 2007, at 12:00 p.m.**, the Government is ordered to produce its expert witnesses' opinions, the basis for the opinions, and any foundation materials the witnesses will rely upon in testifying at trial and provide this information to the Defendant and to the Court.

4. Defendant's Motion to Compel Grand Jury Transcripts (Ct. Rec. 29) is **GRANTED**.

5. Defendant's Motion for Disclosure of Evidence Pursuant to Fed. R. Evid. 404 & 609 (Ct. Rec. 31) is **DENIED**, with leave to renew.

///
///
///
///
///

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 5**

6. Defendant's Motion for Discovery (Ct. Rec. 33) is **DENIED**, with leave to renew.

7. Defendant's Motion *in Limine* (Ct. Rec. 78) is **DENIED**, with leave to renew.

8. Defendant's Supplemental Motion *in Limine* (Ct. Rec. 83) is **DENIED**, with leave to renew.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 9th day of November, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2006\Eyle\deny.suppress.wpd

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND MOTION TO DISMISS ~ 6**